PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FAUSTINO MÁRQUEZ RIVERA, Defendant and Appellant.

No. 4555. Argued January 20, 1932.—Decided January 22, 1932.

*Víctor P. Martínez* and *Buenaventura Esteves* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is a prosecution for the rape of a female child under fourteen years of age. The district attorney filed an information and the case was tried to a jury who returned a verdict of guilty, whereupon the court sentenced the defendant to six years at hard labor in the penitentiary.

The defendant took an appeal and in his brief he has assigned six errors which the district attorney contests in his own brief. After a careful examination of the record, we are of opinion that the judgment appealed from should be reversed and a new trial ordered, as the second error assigned has been committed.

As stated by us, this is a case of rape on a female under the age of consent (*violación técnica*). The age of the prosecutrix was a material fact which the district attorney alleged in his information and which he attempted to prove at the trial. In what manner?

First, Dr. Antonio Muñiz testified regarding a physical examination he had made of the prosecutrix, Marcelina Soto, and his conclusion based thereon regarding the defloration. The attorney for the defendant asked him whether the child was not fully developed, or was not what is usually called "a woman"; to which the doctor replied that she was a developed child, but that from her apparent age she was not what is usually called a woman. This is all that the witness said regarding the age.

Then followed the examination of the prosecutrix herself. No question was put to her, nor did she make any statement, regarding her age. At the end of her testimony the district attorney said:

"I am going to introduce in evidence a certificate from the man in charge of the Civil Register of San Sebastián showing the birth of the prosecutrix in the present case, Marcelina Soto y Soto."

Counsel for the defendant then stated:

"I object to the admission of such a document which is a certifi-cate issued by the Secretary-Auditor of the Municipality of San Sebastián, J. Crespo Ríos, on July 24, 1930, as to the birth regis-tration of a certain Marcelina Soto y Soto, the legitimate daughter of Francisco Soto, a laborer, married, and María Soto; on the fol-lowing grounds: First, because the prosecutrix says that her parents are not married and according to the certificate they are married; second, because the certificate refers to the birth record of a certain Marcelina Soto y Soto but not of Angelina Soto y Soto; third, be-cause the certificate is not a true and faithful copy of the record entry of the birth of the said Marcelina Soto as it fails to show the identity of the person who made the registration or of the witnesses who attested the same; fourth, because the said certificate is at variance with the information filed in the name of The People of Puerto Rico; and lastly, because said document is void, without any legal force for the reasons already stated."

The prosecuting attorney moved that the admission of the document be postponed until the parents of the prosecutrix testified which they did, and the document was admitted over the objection of the defense. The document reads as follows:

"EXHIBIT A OF THE PEOPLE.—Municipality of San Sebastián, Puerto Rico.—Office of the Civil Register.—Certificate of a birth entry.—I, José Crespo Ríos, Secretary-Auditor of the Municipality and in charge of the Civil Register of San Sebastián, P. R., DO HEREBY CERTIFY: That at page 179, volume 36, and numbered 540, there appears the birth entry of Marcelina Soto y Soto, the legitimate daughter of Francisco Soto, a laborer, married, a native of San Sebas-tián, residing at No.—— street, in the ward of Pozas, San Sebas-tián, and of María Soto, a native of San Sebastián, married, a house-wife, and residing with her husband.—That the said female child was born on the third of August, 1916, at 9 o'clock in the evening, and is of the white race.—That her paternal grandparents are: Jacinto Soto and Engracia Malavé, white, natives of San Sebastián; and the maternal grandparents are: José Soto, white, a native of San Sebastián, grandmother's name unknown.—At the request of the Municipal Judge, attorney Angel Emilio Franco, I issue these presents at San Sebastián, P. R., on the 14th day of July, 1930.

—(Signed) J. Crespo Ríos, Secretary-Auditor and in charge of the Civil Register.—There is a seal with the legend: Municipal Government of San Sebastián, Civil Register."

We think that the first and second errors and part of the fourth assigned by the defendant were defeated by the testimony of the parents of the prosecutrix, but not so as to the third error and the remaining portion of the fourth. In our view, the certificate was not admissible because it was not a true and faithful copy of the birth registration, as claimed by the defendant, and hence it lacked any legal force. In fine, that the birth record of the prosecutrix, Marcelina Soto, could not be considered, by reason of the form in which it was presented, as having been introduced in evidence.

The Law of Evidence is clear. Section 48 thereof provides that every public officer having the custody of a public document is bound to furnish, on demand, a certified copy of it. And subdivisions 5 and 6 of section 69, in establishing the manner of proving official documents, provide:

"5. Acts of a municipal corporation of Porto Rico, or of a board or department thereof, by a copy certified by the legal keeper thereof, or by a printed book published by the authority of such corporation.

6. Documents of any other class in Porto Rico, by the original, or by a copy, certified by the legal keeper thereof."

In *Silva* v. *Carbonell*, 35 P.R.R. 224, this Court held that "a certificate of marriage which does not purport to be an extract of the record in the civil registry, but a complete copy thereof, is admissible in evidence."

The document introduced in the instant case by the prosecuting attorney was neither the original nor a copy of the record of birth. This is clear. If no objection had been made to the document, its contents as written by the Secretary-Auditor having charge of the Civil Register of the Municipality of San Sebastián, undoubtedly taken from the original entry, might have been admissible as evidence; but as the adverse party demanded strict compliance with the law, his demand should have been granted. As the document

constituted the only proof of the date of the birth of the prosecutrix, since the statement made by the doctor was, as we have seen, insufficient, and the parents were not directly examined at all in this respect by the district attorney who, on the contrary, objected to that course when the defendant attempted such examination, it must be concluded that there is nothing left in the record to show sufficiently the age.

The judgment appealed from must be reversed and, in view of the attendant circumstances a new trial should be ordered.